1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Magis Nero, | No. CV-24-00518-TUC-BGM |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Tiffany & Bosco PA, et al., | |
| Defendants. | |

Before the Court is Plaintiff Chris Nero's Temporary Restraining Order and Emergency Temporary Restraining Order, (Doc. 7), and Demand to Vacate Order of Dismissal and Enter Summary Judgment, (Doc. 8).  Because there is not full consent to magistrate judge jurisdiction in this case, Magistrate Judge Bruce G. Macdonald submits this Report and Recommendation to Senior District Judge Raner C. Collins.  *See* Gen. Ord. 21-25.  The Magistrate Judge recommends that the District Court, after its independent review, deny Plaintiff's motions and instruct the Clerk of Court to dismiss this case without prejudice for lack of subject matter jurisdiction.

## PROCEDURAL HISTORY

On October 23, 2024, Plaintiff filed his complaint for summary judgment and enforcement of true bill and a memorandum in support of application for fee waiver.  (Docs. 1, 2.)

On October 28, 2024, the Court issued an Order dismissing Plaintiff's case under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), after finding the matter was

1   frivolous or malicious, failed to state a claim on which relief could be granted, or sought

2   monetary relief against a defendant who was immune from such relief. (Doc. 5 at 1.) The

3   Court also determined that it lacked subject matter jurisdiction over this case. (*Id*. at 1-2.)

4   The Court dismissed Plaintiff's complaint without prejudice. (Doc. 5 at 2.)

5   On November 7, 2024, Plaintiff filed a third judicial notice and memorandum in

6   support of compulsory fee waiver, which the Court interpreted as a motion for

7   reconsideration under Federal Rule of Civil Procedure 59(e). (Docs. 6, 9.)

8   On November 14, 2024, the Court issued an Order granting in part and denying in

9   part Plaintiff's motion for reconsideration. (Doc. 9 at 5.) The Court granted the motion to

10   the extent that it exceeded its statutory authority in dismissing Plaintiff's cause of action

11   and denied the motion to the extent that Plaintiff was attempting to proceed *in forma*

12   *pauperis*. (*Id*.) The Court instructed the Clerk of Court to reopen Plaintiff's case and

13   granted Plaintiff 30 days leave to file an amended complaint and *in forma pauperis*

14   application using the Court-approved forms attached to the Order. (*Id*.)

15   After the Court issued its November 14, 2024 Order, the Clerk of the Court docketed

16   the motions at hand. (Docs. 7, 8.)

17   On February 19, 2025, the Clerk of Court issued an Order to Show Cause instructing

18   Plaintiff to file his Consent to Exercise of Jurisdiction by United States Magistrate Judge

19   form by 5:00 p.m. on March 10, 2025. (Doc. 13 at 2.) The Order informed Plaintiff that

20   failure to timely file the consent form would result in a mandatory show cause hearing

21   before District Judge Raner C. Collins at 2:00 p.m. on March 11, 2025. (*Id*.)

22   This Report and Recommendation follows.

## LEGAL STANDARD

24   "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins.*

25   *Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is

26   not a waivable matter and may be raised at anytime by one of the parties, by motion or in

27   the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche*

28   *Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988). "It is to be presumed that a cause lies

1    outside this limited jurisdiction, and the burden of establishing the contrary rests upon the

2    party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

3                                    **DISCUSSION**

4          The Court has carefully reviewed Plaintiff's complaint for summary judgment and

5    enforcement of true bill, (Doc. 1), and temporary restraining order and emergency

6    temporary restraining order, (Doc. 7), and finds no plausible basis for federal subject matter

7    jurisdiction.  As such, the Court does not have subject matter jurisdiction over the pending

8    action and it recommends that this case be dismissed without prejudice.  *See* Fed. R. Civ.

9    P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the

10   court must dismiss the action.")

11                               **RECOMMENDATION**

12         The Magistrate Judge recommends that the District Court, after its independent

13   review, deny Plaintiff's temporary restraining order and emergency temporary restraining

14   order, (Doc. 7), and demand to vacate order of dismissal and enter summary judgment,

15   (Doc. 8), and dismiss this case without prejudice for lack of subject matter jurisdiction.

16   Under the Federal Rules of Civil Procedure, any party may serve and file written objections

17   within fourteen (14) days of being served with a copy of this Report and Recommendation,

18   and a party may respond to another party's objections within fourteen (14) days after being

19   served with a copy.  Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted

20   by the District Court.  If objections are filed, the parties shall use the following case

21   number: **24-518-RCC**.  Failure to file timely objections to any factual or legal

22   determination of the Magistrate Judge may result in waiver of the right of de novo review.

23

24         Dated this 27th day of February, 2025.

25

26

27         _____
           Honorable Bruce G. Macdonald
28             United States Magistrate Judge

                                      - 3 -